HALE (BURDICK v.).   See Case No. 2,147.
HALE (COXE v.).   See Case No. 3,310.

## Case No. 5,914.

### HALE v. DUNCAN et al.

[7 Cent. Law J. 146; 12 West. Jur. 593; 6 Reporter, 422; 26 Pittsb. Leg. J. 32.] [1]

Circuit Court, N. D. Mississippi.   Dec. Term, 1877.

SUIT AGAINST RECEIVERS—LEAVE OF COURT ESSENTIAL—STATUTE.

1. A suit cannot be commenced against a receiver without leave being first obtained from the court appointing such receiver. Therefore, where a suit was commenced in a state court against the receiver of a railroad appointed by an order of the federal court, no leave to bring said suit having been obtained from the latter court, and the suit was removed to the federal court, a demurrer on the above ground was sustained, and the suit was dismissed.

[Cited in Kennedy v. I., C. & L. R. Co., 3 Fed. 100.]

[See note at end of case.]

2. The statute of Mississippi, providing that all receivers appointed by any court may be sued

1 [Reprinted from 7 Cent. Law J. 146, by permission. 6 Reporter. 422, and 26 Pittsb. Leg. J. 32, contain only partial reports.]

without leave of the court appointing or controlling them, can have no application to receivers appointed by courts of the United States.

At law.

B. B. Boone and Curlee & Stanley, for plaintiff.

E. L. Russell and Finley & Selman, for defendants.

HILL, District Judge. This is an action brought by the plaintiff against the defendants, as receivers of the Mobile & Ohio Railroad, who were appointed as such by orders of the United States circuit court for Alabama and Mississippi, and were acting as such at the time the alleged wrongs were committed by the agents and servants of said receivers. The action was commenced in the circuit court of Prentiss county, in this state, without having obtained permission from either the circuit court of the United States in Alabama or Mississippi, by which courts the said receivers were appointed. The cause was removed to this court, where the defendants interposed their demurrer to plaintiff's declaration, and state grounds of demurrer that plaintiff had no right to institute this suit, without first having obtained leave of the courts, or of one of them, by which said receivers were appointed. Whether this is so or not is the only question submitted for decision.

It is a well settled rule that a receiver appointed by a court of equity to take charge of and manage property whilst litigation is pending touching such property, while managing the property under the orders and direction of the court is the agent or officer of the court only; or, as some authors express it, he is but the hand of the court to hold the possession of and manage the property under the directions of the court. A receiver is not supposed to act in the interest of one party more than the other, but holds and manages the property for the benefit of the party to whom the court may adjudge it; acting in this fiduciary capacity only, he is not subject to suit by any party who may have complaint against him, without first obtaining leave from the court appointing him to bring such suit, designating the court in which the suit shall be brought. In most cases the court appointing the receiver, upon motion or in any other mode the court may think best, hears the complaint and defense, and upon the issue made and the proof adduced on both sides, grants or denies the relief, as the court may upon the issues made and the proof under the rules of law deem right and proper; or the court may direct a regular suit to be brought, either in the court in which the receiver has been appointed and is acting, or in some other court; but unless authorized by the action of such court, or by legislative authority, such suits are not permitted to be brought or prosecuted, and upon application of the receiver the court will enjoin the prosecution of such suit, regardless of how clear the right may appear, and will hold any breach of such injunction as a contempt of court. And by some courts it is held a contempt of the court appointing the receiver to bring such suit without first having obtained its leave. See High, Rec. pp. 168, 169, §§ 255, 256, and authorities therein referred to. Such are the general rules in this class of cases, and strictly observed by the federal courts. See Peale v. Phipps, 14 How. [55 U. S.] 368: Wiswall v. Sampson, Id. 52; and other cases to which reference might be made, but these are deemed sufficient.

This action was doubtless commenced under a misapprehension of the effect of an act of the legislature of this state, passed January 6, 1877 [Laws Miss. p. 81], entitled, "An act to authorize suits in certain cases," which provides that all receivers appointed by any court, and trustees and assignees, running or operating railroad trains in this state, carrying either freight or passengers, may be sued in the several courts of this state in all matters ex contractu and ex delicto arising after their appointment, without leave of the court appointing or controlling them being first had; and such suits may be prosecuted to final judgment, and satisfaction may be had out of any property held by them in their fiduciary capacity. That this act was intended to authorize suits against receivers appointed by the United States courts, and operating railroads in this state, there is no doubt, and especially the present defendants, as there were not then any railroads in the hands of receivers appointed by the courts of this state, and hence in the act it is provided that suit may be brought against receivers appointed by any court, and not any of the courts of this state. But upon well established rules again and again announced by the supreme court of the United States, the legislatures of the states can pass no law regulating, or in any manner affecting the jurisdiction of the federal courts. Congress may and has adopted the process and modes of practice in the state courts as the process and practice in the federal courts at law, but it is as much the act of congress that makes it the law as though it had been enacted by congress in the first instance, and with out alluding to the state laws. But in these enactments the practice and pleadings in the courts as courts in equity are expressly excepted from their operation.

This suit, as it appears from the face of the declaration, was commenced without authority of law. The result is that the demurrer must be sustained, and the suit dismissed at the plaintiff's costs.

[Under the act of congress of March 3, 1887 (24 Stat. 552), this permission is no longer necessary. McNulta v. Lochridge, 141 U. S. 327, 12 Sup. Ct. 11; Railroad Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905.]